# UNITED STATES DISTRICT COURT
Western District of Kentucky
Owensboro Division

| | |
|---|---|
| Angel Goldsberry )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>James E. Bruce )<br>*Defendant* )<br>Serve: )<br>   James E. Bruce )<br>   1724 South Virginia Street )<br>   P.O. Box 603 )<br>   Hopkinsville, KY 42241-0603 )<br> ) | Case No. 4:20-CV-134-JHM |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Angel Goldsberry as a consumer against Defendant James E. Bruce for his violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION and VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of facts and events at issue in this case arose in Henderson County, Kentucky where Plaintiff resides and which is located in this district.

### PARTIES

3. Plaintiff Angel Goldsberry is a natural person who resides in Henderson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant James E. Bruce ("Bruce") is a Kentucky collection attorney engaged in the business of collecting debts on behalf of others, such as Mariner Finance, LLC. Mr. Bruce's principal place of business is located at 1724 South Virginia Street, Hopkinsville, KY 42240.

5. Mr. Bruce regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Mr. Bruce's principal business purpose is the collection of debt. Mr. Bruce is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. On or about November 2, 2018, Ms. Goldsberry entered a personal loan with Regency Finance Company ("Regency") which is regulated by Kentucky's consumer loan company statutes, KRS 286.4-410 *et seq*. A true and accurate copy of the Loan Note and Truth-in-Lending Disclosure Statement between Ms. Goldsberry and Regency (the "Regency Note") is attached as Exhibit "A."

7. The Regency Note was a precomputed loan that included a precomputed finance charge of $1,023.43, which corresponds to a high 35.996% APR. Ms. Goldsberry financed $2,252.57 under the Note. The total of all payments due under the Regency Note was **$3,276.00**:



8. According to Regency's website (https://www.regencyfinance.com/; last visited July 31, 2020), Mariner Finance, LLC ("Mariner") acquired Regency on March 1, 2019.

9. On or about August 12, 2019, Defendant James E. Bruce ("Bruce") on Mariner's behalf, filed a collection action against Ms. Goldsberry in the Henderson District Court of Henderson County, Kentucky under case number 19-C-00886 (the "State Collection Lawsuit"). A true and accurate copy of the complaint filed by Mr. Bruce in the State Collection Lawsuit (the "Collection Complaint") is attached as Exhibit "B."

10. On September 26, 2019, Mr. Bruce on behalf of Mariner moved for default judgment against Ms. Goldsberry ("Motion for Default"). A true and accurate copy of the Motion for Default is attached as Exhibit "C." Mr. Bruce included the Regency Note as an exhibit to the Motion for Default which falsely alleges the following:

> Based on the affirmation attached to the complaint filed in this action, the Plaintiff moves the Court for an entry of default judgment against the Defendant, ANGEL GOLDSBERRY, plus costs, together with interest that accrues at the rate of 34.0830% set forth in the note. A copy of the note is attached and marked Exhibit B.

11. The "note" referred to in the Motion for Default is clearly the Regency Note, which has no stated interest rate, *i.e.* there is no contractual rate applicable to the Regency Note.

12. The Henderson District Court granted the Motion for Default and entered a default judgment against Ms. Goldsberry (the "Default Judgment") on September 30, 2019. A true and accurate copy of the Default Judgment is attached as Exhibit "D" and provides in relevant part:

> IT IS HEREBY ORDERED AND ADJUDGED as follows:
>
> 1. That Plaintiff shall recover from the Defendant, ANGEL GOLDSBERRY, the sum of $3550.20, plus interest that accrues after 08/06/2019, at the rate set 34.0830%.
>
> 2. The Plaintiff shall recover, in addition to the above, a reasonable attorney's fees in the amount of $1184.00

13. The Default Judgment awards Mariner a principal amount of $3,550.20, which is $274.20 *more* than the total of all payments due set forth in the Regency Note.

14. On May 11, 2020, Mr. Bruce on Mariner's behalf filed a wage garnishment in the State Collection Lawsuit in an attempt to collect the Default Judgment (the "Wage Garnishment") and served the Wage Garnishment on Ms. Goldsberry's employer. The Wage Garnishment provides in relevant part:



15. The Wage Garnishment has multiple that damage Plaintiff: First, the Wage Garnishment filed of public record with the Henderson District Court includes Ms. Goldsberry's full social security number; Second, the "Amount Due" stated by the Wage Garnishment of "$5,622.65 + interest" improperly applies interest to the attorney's fees and costs at a rate of 34.08%; Third the Wage Garnishment adds court costs twice-- once in the amount due and again in the "Probable Court Costs" of $280.50; Fourth, the Wage Garnishment grossly overstates the amount under the Default Judgment.

16. The Default Judgment awards Mariner the principal sum of $3,550.20 plus interest at 34.0830% per annum plus attorney's fees in the amount of $1,184.00 plus costs of $180.50, which added together equals $4,914.70. But the Wage Garnishment overstates the principal amount awarded in the Default Judgment by $2,072.45 and overstates the total amount (principal, attorney's fees, and costs) by over $707.95.

17. On May 14, 2020, Ms. Goldsberry by counsel moved under CR 55.02 to vacate and amend the Default Judgment to award no interest or attorney's fees. The Henderson District Court denied the motion on July 6, 2020 without giving any reasons for its ruling. Ms. Goldsberry subsequently filed a timely appeal from this order, which appeal is currently pending.

18. The Regency Note contains no provision for charging or recovering a contract rate of interest of 34.08% or at any rate. Undersigned counsel each have reviewed the Regency Note line by line and cannot find any provision for charging interest at the rate of 34.08% per annum. And while the consumer loan company statutes that regulate Mariner and Regency do allow including a contractual provision for converting a precomputed into a simple interest loan, the Regency Note does not contain such a provision.

19. Most consumer loan company loans are precomputed loans with finance charges within the rate caps set forth in KRS 286.4-530(1). But a consumer loan company has the option under KRS 286.4-530(8) to offer simple-interest loans at interest of no more than 2% per month for loans for $3,000 or greater or 3% per month for loans less than $3,000, which interest "shall not be paid, deducted, received in advance, or compounded but shall be computed, collected, and received only on unpaid principal balances for the time actually outstanding." Additionally, a consumer loan company may, after default, convert a pre-computed loan into a simple-interest loan. But to do so, the consumer loan company has to comply with several conditions:

> (7) If two (2) or more full installments are in default for one (1) full month or more at any installment date ***and if the contract so provides*, the licensee may reduce the contract balance by the refund or credit which would be required for prepayment in full on such installment date.** Thereafter, in lieu of charging, collecting, or receiving charges as provided in subsections (1) to (6)

> inclusive of this section, charges may be charged, collected, and received as provided by subsection (8) of this section until the contract is fully paid.
>
> (8) In lieu of computing and collecting charges as provided in subsections (1) to (6) inclusive of this section, a licensee may contract for, collect, and receive on loans of fifteen thousand dollars ($15,000) or less charges as permitted in subsection (1) of this section computed on the unpaid principal balance of the loan from time to time outstanding. **Such charges shall not be paid, deducted, received in advance, or compounded but shall be computed, collected, and received only on unpaid principal balances for the time actually outstanding.** The definition of a month and of a day in subsection (2) of this section shall apply for the purposes of such computations.

KRS 286.4-530(7-8) (bolding and emphasis added).

20. The Regency Note does not have a contract provision that conforms with the statutory language of KRS 286.4-530(7). This requires language substantially similar to this:

> If two or more full installments are in default for one full month or more at any installment due date, at our option, we may reduce the unpaid Account Balance by crediting thereto that portion of precomputed charges which would be refunded for prepayment in full on such installment due date and thereafter interest applied to the remaining unpaid balance at the Interest Rate until the note is paid in full.

21. The Regency Note does not have any provision like the above or that in any way echoes the statutory language of KRS 286.4-530(7). Rather, the Regency Note provides:

> If Borrower is in default, the entire outstanding balance on this Note shall be immediately due, including accrued charges if precomputed at the option of the Lender. This will happen without any prior notice to Borrower, or right to cure, except as required by law. Lender will have such additional rights and remedies as set forth in any mortgage or security agreement securing this Note.

Exhibit "A."

22. The above default provision from the Regency Note does not give Mariner the right to apply a contract rate of interest to remaining unpaid balance of the loan after crediting the unearned finance charges. Just as importantly, the Regency Note does not provide for accruing interest at the simple interest rate of 34.08% or at any rate. Therefore, because the Regency Note

does not provide for conversion on the Regency Note to an interest-bearing note, neither Regency nor Mariner has any right to charge or collect a contract rate interest of 34.08% per annum from Ms. Goldsberry.

23. Because the principal amount demanded in the Collection Complaint Mr. Bruce filed against Ms. Goldsberry is $274.20 *more* than the total amount due under the Regency Note, neither Mr. Bruce nor Mariner necessarily did <u>not</u> rebate any unearned charges—as required by law—before adding interest to the balance allegedly due under the Regency Note.

24. A consumer loan company like Mariner must rebate any unearned precomputed finance charges before converting a precomputed loan like the Regency Note into an interest-bearing loan. KRS 286.4-530(7) ("If two (2) or more full installments are in default for one (1) full month or more at any installment date *and if the contract so provides*, the licensee **may *reduce* the contract balance by the *refund or credit* which would be required for prepayment in full on such installment date**.") (bolding and emphasis added).

25. The precomputed finance charge set forth in the Regency Note was $1,023.43. The Regency Note's Total of Payments (amount financed ($2,252.57) + finance charge ($1,023.43)) is $3,276.00, which is $274.20 *less* than the principal amount awarded to Mariner in the Default Judgment.

26. Consequently, the pleadings conclusively establish that Mr. Bruce did not rebate any unearned precomputed finance charges before he began adding interest on Mariner's behalf at 34.083% per annum to the amount allegedly owed by Ms. Goldsberry. This is because the principal amount subject to simple interest after deducting the unearned precomputed finance charges can never be more than the total amount of the loan. KRS 286.4-530(8) ("Such charges shall not be paid, deducted, received in advance, or compounded but shall be computed, collected, and received only on **unpaid <u>principal balances</u>** for the time actually outstanding.") (bolding and underlining added).

27. Mr. Bruce violated the FDCPA by **(i)** misrepresenting the character and status of the Regency Note by falsely claiming in the collection complaint he drafted and filed against Ms. Goldsberry and in the Motion for Default Judgment that the Regency Note had a stated contract rate of interest of 34.08% per annum; **(ii)** misrepresenting and grossly overstating the amount due in the Wage Garnishment; and **(iii)** collecting usurious interest from Ms. Goldsberry on behalf of Mariner that neither he nor Mariner had any legal or contractual right to collect from Ms. Goldsberry.

**CLAIMS FOR RELIEF**

28. The foregoing acts and omissions of James E Bruce constitute violations of the

FDCPA. Mr. Bruce violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angel Goldsberry requests that the Court grant her the following relief:

1. Award Plaintiff maximum statutory damages;

2. Award Plaintiff his actual damages;

3. Award Plaintiff his reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

        Respectfully submitted,

        /s/ James R. McKenzie
        James R. McKenzie
        *James R. McKenzie Attorney, PLLC*
        115 S. Sherrin Avenue, Suite 5
        Louisville, KY 40207
        Tel: (502) 371-2179
        Fax: (502) 257-7309
        E-mail: jmckenzie@jmckenzielaw.com

        James H. Lawson
        *Lawson at Law, PLLC*
        115 S. Sherrin Avenue, Suite 5
        Louisville, KY 40207
        Tel: (502) 473-6525
        Fax: (502) 473-6561
        E-mail: james@kyconsumerlaw.com